United States District Court
Middle District of Florida
Jacksonville Division

**DAVID COOK,**

    **Plaintiff,**

**v.**                                                                             **NO. 3:24-CV-541-BJD-LLL**

**THOMAS NEESE, II,**

    **Defendant.**

---

### Order

Before the Court is Plaintiff's Motion for Final Default Judgment. Doc. 18. After review, the Court finds plaintiff's motion should be denied without prejudice.

Plaintiff initiated this lawsuit on May 28, 2024, by filing a complaint[1] alleging three claims against defendant: breach of oral contract, account stated, and unjust enrichment; on October 22, 2024, a clerk's default was entered.[2] *See generally* doc. 1; doc. 16. Plaintiff now requests the Court enter a default judgment for defendant's

---

[1] The Court notes that the complaint, doc. 1, is a total of four pages in length and fails to contain much of the information, discussed *infra*, needed by the Court to determine whether default judgment is appropriate.

[2] On September 5, 2024, the Court issued an Order to Show Cause, doc. 7. The Court directed plaintiff on or before September 13, 2024, to show cause why the case should not be dismissed for failure to prosecute. *Id.* at 1-2. Plaintiff in compliance, filed two responses to the Order, docs. 8, 9, and proof of service, doc. 10, resulting in the Court discharging its Order, doc. 12.

failure to appear or otherwise defend against this lawsuit.[3] *See generally* doc. 18. After review, however, the Court concludes that the memorandum in support of plaintiff's motion is deficient. *See id.* at 2

Under Local Rule 3.01(a), "[a] motion must include . . . a legal memorandum supporting the request." Middle District of Florida Local Rules. The totality of plaintiff's memorandum, argues—in a single sentence—that default judgment should be granted because Fed. R. Civ. P. 55(b)[4] "allows this Court to grant . . . [a] Motion for Final Default Judgment . . . ." *Id.* Plaintiff's threadbare analysis fails to demonstrate that a default judgment is appropriate. Notably, plaintiff's memorandum fails to address whether the Court has subject matter jurisdiction; personal jurisdiction over the defendant; that service was proper; that the complaint sufficiently pleads any of plaintiff's claims; and a detailed discussion of damages and how the amount requested in the complaint is proper. See doc. 18. Because the memorandum fails to address any of the issues that a Court must consider prior to granting a default judgment, the Court cannot determine whether granting a default judgment is proper.

---

[3] After entry of the clerk's default on October 22, 2024, doc. 16, plaintiff failed to move for default judgment within thirty-five days in violation of Local Rule 1.10(c), Middle District of Florida Local Rules. This resulted in the Court issuing a second Order to Show Cause on January 29, 2025, doc. 17. The Court directed plaintiff on or before February 12, 2025, to file a motion for default judgment and to show cause why the case should not be dismissed. *Id.* at 1. Plaintiff in compliance, filed the pending motion, doc. 18, and a response to the Order, doc. 19, resulting in the Court discharging its Order, doc. 20.

[4] The Court notes that plaintiff appears to improperly cite Fed. R. Civ. P 55(b), at the beginning of his memorandum of law. Doc. 18 at 2 ("USCS Fed Rules Civ Proc. R 55(b)").

The Court also notes that this is the second time this Court has denied a motion filed by plaintiff for failure to comply with the Local Rules. On October 4, 2024, plaintiff's motion for clerk's default was denied because—as here—plaintiff failed to support his motion with a sufficient memorandum of law. Doc. 14. It is unclear why plaintiff continues to file motions that are deficient in this manner. Plaintiff is cautioned that continued failure to comply with the Local Rules of this Court may result in sanctions, including dismissal of his lawsuit.

It is **ordered**:

1. Plaintiff's Motion for Final Default Judgment, doc. 18, is **denied without prejudice**.

2. **Plaintiff shall** review and follow all the requirements of the Local Rules of the United States District Court for the Middle District of Florida in all future filings. Plaintiff is **cautioned** that failure to do so may result in sanctions.

**Ordered** in Jacksonville, Florida, on May 21, 2025.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Thomas Albert Boyd, Jr., Esquire